Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Kevin Schraven (SBN: 259446)
Kevin@HankinPatentLaw.com
Nima Darouian (SBN: 271367)
Nima@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorneys for PLAINTIFFS,
**BRICKELL FINANCIAL SERVICES-MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB; AND ROAD AMERICA MOTOR CLUB, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRICKELL FINANCIAL SERVICES-MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB, a Florida Corporation, and ROAD AMERICA MOTOR CLUB, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROAD AMERICA 24HR ROADSIDE ASSISTANCE, INC., a California Corporation, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS'** *VERIFIED* **COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **COMMON LAW TRADEMARK INFRINGEMENT;**<br>3. **FALSE ADVERTISING UNDER LANHAM ACT;**<br>4. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>5. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>6. **TRADEMARK DILUTION;**<br>7. **MISAPPROPRIATION, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a); AND**<br>8. **FEDERAL TRADEMARK COUNTERFEITING**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF BRICKELL FINANCIAL SERVICES-MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB ("BRICKELL FINANCIAL SERVICES") and PLAINTIFF ROAD AMERICA MOTOR CLUB, INC. ("ROAD AMERICA") (hereinafter collectively referred to as "PLAINTIFFS"), by and through their undersigned counsel, file this *Verified* Complaint (the "Complaint") against DEFENDANT ROAD AMERICA 24HR ROADSIDE ASSISTANCE, INC., and DEFENDANTS DOES 1 through 5, inclusive, and each of them (hereinafter collectively referred to as "DEFENDANTS"), and allege as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and common law trademark infringement.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, and 1338, as well as 15 U.S.C. § 1121.

3. Upon information and belief, the amount in controversy, exclusive of costs and interests, exceeds Seventy-Five Thousand Dollars ($75,000.00).

4. This Court has personal jurisdiction over DEFENDANTS because they are located in and do business within the State of California.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because DEFENDANTS transact business in this judicial district; because DEFENDANTS have purposefully directed their activities towards the State of California and residents of the State of California in the Central District of California; because a substantial part of the events giving rise to the claims alleged herein occurred within this district; and because the harm caused to PLAINTIFFS by DEFENDANTS had effect within this Judicial District.

## THE PARTIES

6. PLAINTIFF BRICKELL FINANCIAL SERVICES is a Florida corporation with its principal place of business at 7300 Corporate Center Dr., #601,

1  Miami, Florida 33126.

2  7. PLAINTIFF BRICKELL FINANCIAL SERVICES provides emergency roadside assistance services to motor vehicle owners and motorists under the name ROAD AMERICA.

8. PLAINTIFF ROAD AMERICA is a California corporation with its principal place of business at 7300 Corporate Center Dr., #601, Miami, Florida 33126.

9. PLAINTIFF ROAD AMERICA is a subsidiary of PLAINTIFF BRICKELL FINANCIAL SERVICES, which was formed in California to conform with California law. PLAINTIFF ROAD AMERICA is authorized to do business throughout the State of California.

10. PLAINTIFF ROAD AMERICA provides emergency roadside assistance services to motor vehicle owners and motorists in the State of California.

11. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT ROAD AMERICA 24HR ROADSIDE ASSISTANCE, INC. is a suspended California corporation. Upon information and belief, DEFENDANT ROAD AMERICA 24HR ROADSIDE ASSISTANCE, INC.'s principal place of business is 800 N. Alvarado Street, Los Angeles, CA 90026.

12. Upon information and belief, DEFENDANT ROAD AMERICA 24HR ROADSIDE ASSISTANCE, INC. is a competitor of PLAINTIFFS and is engaged in towing services.

13. The correct and proper names of DEFENDANTS named herein as DOES 1 to 5, inclusive, and each of them, are unknown to PLAINTIFFS, who therefore sues such "DOE" Defendants by fictitious names. PLAINTIFFS are informed and believe, and thereon allege, that each fictitiously named "DOE" Defendant is, in some manner, means, or degree, responsible for the events and happenings alleged herein. PLAINTIFFS will amend this *Verified* Complaint, as necessary, to set forth the true names and capacities of the

fictitiously designated "DOE" Defendants when the same have been ascertained.

14. PLAINTIFFS are informed and believe, and thereon allege, that each DEFENDANT, whether expressly or fictitiously named, in addition to acting for himself, herself, or itself, and on its, his, her or their individual behalf(ves), was at all times herein mentioned a principal, agent, employee, joint venturer, co-conspirator, representative, or alter ego of some or all of the other named DEFENDANTS, and at all times herein mentioned, committed such acts or omissions within the course and scope of that agency, servitude, employment, partnership, joint venture, conspiracy, representation, or alter ego relationship, with the full knowledge, consent, authority, and/or ratification of some or all of the other named DEFENDANTS.

## FACTUAL BACKGROUND

15. PLAINTIFF BRICKELL FINANCIAL SERVICES owns registrations for several ROAD AMERICA marks (collectively, "PLAINTIFF's Marks") and commenced use of these marks, in commerce which may lawfully be regulated by Congress, at least as early as 1984, in connection with promoting the interests of automobile owners and motorists, and roadside assistance services. Since the above-referenced first use date, PLAINTIFF BRICKELL FINANCIAL SERVICES has continuously used its Marks in commerce and has prominently, exclusively, and extensively used, advertised, and promoted such marks on its website www.road-america.com, and in various promotional materials.

16. The registrations for all of PLAINTIFF's Marks are valid, subsisting, and incontestable, including, but not limited to, Registration No. 3,229,466 for ROAD/AMERICA a MAPFRE COMPANY, Registration No. 2,784,355 for ROAD AMERICA, and Registration No. 2,786,489 for ROAD AMERICA and Design. Copies of all of PLAINTIFF's registrations for ROAD

AMERICA are attached hereto as Composite Exhibit "A".

17. As a result of the continuous use and promotion of PLAINTIFF's Marks, these trademarks have become distinctive to designate PLAINTIFFS and their services from the services of other businesses, and to distinguish the source or origin of such services.

18. PLAINTIFFS have expended significant resources and funds to establish and build ROAD AMERICA as a distinctive and well-known mark.

19. DEFENDANTS had made no use of the Road America 24Hr. Towing marks at the time PLAINTIFF BRICKELL FINANCIAL SERVICES applied to register such marks with the United States Patent and Trademark Office.

20. DEFENDANTS had constructive notice of PLAINTIFF BRICKELL FINANCIAL SERVICES' trademark rights in its ROAD AMERICA marks since at least September 19, 1984, the earliest filing date of PLAINTIFF BRICKELL FINANCIAL SERVICES' trademark applications. Upon information and belief, DEFENDANTS also had actual notice and knowledge of PLAINTIFF BRICKELL FINANCIAL SERVICES's rights in such marks.

21. Despite DEFENDANTS' actual and constructive knowledge regarding PLAINTIFF BRICKELL FINANCIAL SERVICES' prior and superior rights in the ROAD AMERICA trademark, and without PLAINTIFF BRICKELL FINANCIAL SERVICES' authorization, DEFENDANTS have infringed upon PLAINTIFF BRICKELL FINANCIAL SERVICES' rights to this mark.

22. DEFENDANTS have used the ROAD AMERICA name in connection with fraudulent towing practices. These activities have negatively affected the perception of PLAINTIFFS based on the perceived association between PLAINTIFFS and DEFENDANTS. *See* Exhibit "B".

23. DEFENDANTS have engaged in a systematic scheme to defraud motorists by providing unlicensed and unsolicited towing services where it uses PLAINTIFF BRICKELL FINANCIAL SERVICES' trademarks and

PLAINTIFFS' goodwill to approach stranded vehicles, coerce the owners to sign towing contracts, and transport their vehicles to auto body shops aligned with DEFENDANTS.  DEFENDANTS' practice is discussed at: http://www.nbclosangeles.com/video/#!/on-air/as-seen-on/Investigation-Reveals-Alleged-Auto-Shop--Tow-Scheme/232603541

24. DEFENDANTS' activities are likely to cause confusion or mistake or to deceive consumers into believing that its services are sponsored, licensed, affiliated, or associated with PLAINTIFFS' services.

25. Consumers searching for PLAINTIFFS' services will be diverted to DEFENDANTS' business through DEFENDANTS' unauthorized use of PLAINTIFF's Marks on DEFENDANTS' tow trucks.  Therefore, DEFENDANTS will unfairly benefit by having access to potential consumers through the goodwill created by PLAINTIFF's Marks and PLAINTIFFS' services.

26. DEFENDANTS have used PLAINTIFF's Marks to deceive consumers.

27. DEFENDANTS' use of PLAINTIFF's Marks tarnish the reputation of PLAINTIFFS in that DEFENDANTS have provided inferior or non-existent services to consumers, have not responded to consumer complaints, and have engaged in fraudulent behavior.  PLAINTIFFS' reputation has been harmed based on numerous complaints lodged by consumers who have used DEFENDANTS' services.

28. To date, DEFENDANTS have not responded to PLAINTIFFS' demands and continue to use PLAINTIFF's Marks and infringe upon PLAINTIFFS' rights therein.

29. Upon information and belief, DEFENDANTS will continue to use PLAINTIFF's Marks to promote their services and improperly redirect consumers for their own benefit, unless enjoined by the Court.

# FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement against all DEFENDANTS)

30. PLAINTIFFS re-allege and incorporates paragraphs 1 through 29 as though fully set forth herein.

31. PLAINTIFF's Marks are valid and subsisting federally Registered Trademarks. By virtue of these Registrations, PLAINTIFF's Marks are entitled to protection under the Trademark Act, 15 U.S.C. §§ 1051, et seq.

32. DEFENDANTS' use of PLAINTIFF's Marks is likely to cause confusion, mistake, or deception as to the source or origin of PLAINTIFFS' services in that customers and potential customers are likely to believe that the services provided by DEFENDANTS through their use of ROAD AMERICA on their tow trucks or otherwise are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to PLAINTIFFS or their services under PLAINTIFF's Marks.

33. DEFENDANTS' use of PLAINTIFF's Marks is intentional and is for the purpose of misleading consumers and causing potential and existing customers of PLAINTIFFS to be confused as to DEFENDANTS' towing services instead of PLAINTIFFS-affiliated roadside assistance services. These willful actions are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. As a result of DEFENDANTS' infringement, as described above, consumers are likely to be confused as to the distinction between PLAINTIFFS' services, marketed under PLAINTIFF BRICKELL FINANCIAL SERVICES' protected trademarks, and DEFENDANTS' competing services.

35. PLAINTIFFS have been damaged by the aforementioned acts in an amount to be determined at trial. DEFENDANTS' use of PLAINTIFF's Marks is undertaken by DEFENDANTS intentionally, maliciously, and in bad faith. Therefore, PLAINTIFFS are entitled to recover, in additional to actual

1    damages, punitive damages and attorneys' fees.

2    36. In addition, DEFENDANTS' conduct, if it continues, will result in irreparable
3    harm to PLAINTIFFS and, specifically, to the goodwill associated with
4    PLAINTIFF's Marks, unless such conduct is enjoined.

## SECOND CLAIM FOR RELIEF

(Common Law Trademark Infringement against all DEFENDANTS)

37. PLAINTIFFS re-allege and incorporate paragraphs 1 through 36 as though fully set forth herein.

38. PLAINTIFF's Marks are distinctive.

39. DEFENDANTS' use of PLAINTIFF's Marks is likely to cause confusion, mistake, or deception as to the source or origin of PLAINTIFFS' services in that customers and potential customers are likely to believe that the services provided by DEFENDANTS are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to PLAINTIFFS or the services under PLAINTIFF's Marks.

40. DEFENDANTS' acts constitute trademark infringement under the common law.

41. DEFENDANTS' acts were taken in willful, deliberate, and/or intentional disregard of PLAINTIFF BRICKELL FINANCIAL SERVICES' trademark rights.

42. PLAINTIFFS have been damaged by the aforementioned acts in an amount to be determined at trial. DEFENDANTS' use of PLAINTIFF's Marks has been undertaken by DEFENDANTS intentionally, maliciously, and in bad faith. Therefore, PLAINTIFFS are entitled to recover, in additional to actual damages, punitive damages and attorneys' fees.

43. In addition, DEFENDANTS' conduct, if it continues, will result in irreparable harm to PLAINTIFFS and, specifically, to the goodwill associated with PLAINTIFF's Marks, unless such conduct is enjoined.

## THIRD CLAIM FOR RELIEF

(False Advertising under Lanham Act against all DEFENDANTS)

44. PLAINTIFFS re-allege and incorporates paragraphs 1 through 43 as though fully set forth herein.

45. DEFENDANTS, by using PLAINTIFF's Marks, are misleading and/or deceiving, or have the potential to mislead and/or deceive, consumers regarding the origin of their services.

46. DEFENDANTS' wrongful use of PLAINTIFF's Marks is material and is likely to influence a consumer's purchasing decision by establishing a false association about the nature, quality or characteristics of DEFENDANTS' services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. PLAINTIFFS have been damaged by the aforementioned acts in an amount to be determined at trial, through direct diversion of sales and/or by a lessening of the goodwill associated with PLAINTIFF's Marks and PLAINTIFFS' services. DEFENDANTS' use of PLAINTIFF's Marks has been undertaken by DEFENDANTS intentionally, maliciously, and in bad faith.

## FOURTH CLAIM FOR RELIEF

(Intentional Interference with Prospective Economic Advantage against all DEFENDANTS)

48. PLAINTIFFS re-allege and incorporate paragraphs 1 through 47 as though fully set forth herein.

49. PLAINTIFFS have business expectancies with respect to consumers purchasing their services.

50. As a competitor to PLAINTIFFS, DEFENDANTS have knowledge of these expectancies.

51. DEFENDANTS have intentionally interfered with PLAINTIFFS' business expectancies by diverting business from PLAINTIFFS.

52. DEFENDANTS' conduct was wrongful by a measure beyond the fact of the

Page 9
**PLAINTIFFS' VERIFIED COMPLAINT**

interference itself.  DEFENDANTS have used improper methods to interfere with such expectancies, including without limitation, using PLAINTIFF's Marks to confuse, deceive, and misdirect consumers.

53. DEFENDANTS, in diverting business from PLAINTIFFS, are acting maliciously to harm PLAINTIFFS and financially benefit from such harm.

54. As a direct and proximate result of DEFENDANTS' actions, PLAINTIFFS have suffered, and will continue to suffer, damages.  PLAINTIFFS' reputation with their customers and potential customers have been damaged by DEFENDANTS's actions.

55. Absent DEFENDANTS's conduct, PLAINTIFFS would have realized their business expectancies.

56. DEFENDANTS' conduct constitutes willful misconduct, malice, fraud, wantonness, oppression and/or such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of PLAINTIFFS.  Therefore, PLAINTIFFS are entitled to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF

(Negligent Interference with Prospective Economic Advantage against all DEFENDANTS)

57. PLAINTIFFS re-allege and incorporates paragraphs 1 through 56 as though fully set forth herein.

58. PLAINTIFFS have business expectancies with respect to consumers purchasing their services.

59. As a competitor to PLAINTIFFS, DEFENDANTS have knowledge of these expectancies.

60. DEFENDANTS have interfered with PLAINTIFFS' business expectancies by diverting business from PLAINTIFFS.

61. DEFENDANTS' conduct was wrongful by a measure beyond the fact of the interference itself.  DEFENDANTS have used improper methods to interfere

with such expectancies, including without limitation, using PLAINTIFF's Marks to confuse, deceive, and misdirect consumers.

62. DEFENDANTS, in diverting business from PLAINTIFFS, knew or should have known that their actions would interfere with PLAINTIFFS' business expectancies. DEFENDANTS failed to act with reasonable care.

63. As a direct and proximate result of DEFENDANTS' actions, PLAINTIFFS have suffered, and will continue to suffer, damages. PLAINTIFFS' reputations with their customers and potential customers have been damaged by DEFENDANTS' actions.

64. Absent DEFENDANTS' conduct, PLAINTIFFS would have realized their business expectancies.

## SIXTH CLAIM FOR RELIEF

(Trademark Dilution against all DEFENDANTS)

65. PLAINTIFFS re-allege and incorporate paragraphs 1 through 64 as though fully set forth herein.

66. PLAINTIFF's Marks are famous marks that have an inherently distinctive character and have further acquired a strong recognition in the roadside assistance marketplace as a result of their extensive use, advertising, and publicity.

67. DEFENDANTS' unauthorized commercial use of PLAINTIFF's Marks tends to, and does dilute, tarnish and blur the distinctive quality of PLAINTIFF's Marks, and is diminishing and will destroy the public association of said marks with PLAINTIFFS in violation of 15 U.S.C. § 1125(c).

68. By reason of the acts of DEFENDANTS alleged herein, PLAINTIFFS are suffering and will continue to suffer irreparable damage and, unless DEFENDANTS are enjoined from continuing their wrongful acts, the damage to PLAINTIFFS will increase.

69. In addition to an injunction, in light of the intentional nature of

1  DEFENDANTS' actions, PLAINTIFFS are also entitled to profits, damages,
2  and costs, as provided by law, including punitive damages and attorneys' fees,
3  in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

(Misappropriation, False Designation of Origin and Unfair Competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) against all DEFENDANTS)

70. PLAINTIFFS re-allege and incorporate paragraphs 1 through 69 as though fully set forth herein.

71. The acts of DEFENDANTS complained of herein constitute misappropriation, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72. Upon information and belief, DEFENDANTS have acted with the intention of causing confusion, mistake, or deception, and of misappropriating the goodwill associated with PLAINTIFF's Marks to profit thereby to the detriment of PLAINTIFFS.

73. By reason of DEFENDANTS' unfair competition and/or inducement of others to compete unfairly, and/or continued unauthorized use of PLAINTIFFS' trade name and marks in a manner which they know aids others to compete unfairly with PLAINTIFFS, PLAINTIFFS are suffering and will continue to suffer irreparable damage and, unless DEFENDANTS are enjoined from continuing these wrongful acts, the damage to PLAINTIFFS will increase.

74. In addition to an injunction, PLAINTIFFS are also entitled to profits, damages and costs, as provided by law, including punitive damages and attorneys' fees, in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

(Federal Trademark Counterfeiting, 15 U.S.C. 1114 against all DEFENDANTS)

75. PLAINTIFFS re-allege and incorporate paragraphs 1 through 74 as though fully set forth herein.

76. DEFENDANTS have used trademarks that are identical to PLAINTIFF's Marks that are covered by federal registrations.

77. DEFENDANTS have knowingly used counterfeit versions of PLAINTIFF's Marks in connection with the advertising, promotion, sale, and offering for sale of services.

78. DEFENDANTS' counterfeit use of PLAINTIFF's Marks to advertise, promote, and offer for sale is without the consent of PLAINTIFFS.

79. DEFENDANTS' unauthorized use of PLAINTIFF's Marks constitutes DEFENDANTS' use of PLAINTIFF's Marks in commerce.

80. DEFENDANTS' unauthorized use of PLAINTIFF's Marks is likely to cause confusion, mistake, or deception, cause the public to believe the DEFENDANTS' services are the same as PLAINTIFF's, and result in DEFENDANTS unfairly benefiting from the goodwill represented by PLAINTIFF's Marks.

81. DEFENDANTS' acts constitute counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114.

82. DEFENDANTS' acts are both willful and malicious.

83. By reason of the foregoing, DEFENDANTS are liable to PLAINTIFFS for statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. Section 1117(c) of the Lanham Act, or, at PLAINTIFFS' election, an amount represented by three (3) times PLAINTIFFS' damage or DEFENDANTS' illicit profits, reasonable attorney's fees, and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS prays for judgment against the DEFENDANTS, as follows:

1. Damages in an amount to be proven at trial;
2. Reasonable attorneys' fees, court costs, and other expenses;
3. An injunction prohibiting DEFENDANTS' use of PLAINTIFF's Marks;
4. Punitive damages in an amount to be determined at Trial; and
5. All other relief, in law or in equity, to which PLAINTIFFS may be entitled, or which the Court deems just and proper.

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date: May 20, 2014        By: /Marc E. Hankin/
_____
Marc E. Hankin (SBN# 170505)
Attorney for PLAINTIFFS
**BRICKELL FINANCIAL SERVICES MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB; AND ROAD AMERICA MOTOR CLUB, INC.**

|    |    |
|----|----|
| 1  | **JURY TRIAL DEMANDED** |
| 2  | In accordance with Fed. R. Civ. P. Rule 38(b), PLAINTIFF BRICKELL FINANCIAL SERVICES-MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB and PLAINTIFF ROAD AMERICA MOTOR CLUB, INC. hereby demand a Trial by Jury on all issues so triable. |

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date:  May 20, 2014            By:  /Marc E. Hankin/
                               _____
                               Marc E. Hankin (SBN# 170505)
                               Attorney for PLAINTIFFS
                               **BRICKELL FINANCIAL SERVICES MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB; AND ROAD AMERICA MOTOR CLUB, INC.**

## VERIFICATION

I am the President of BRICKELL FINANCIAL SERVICES-MOTOR CLUB, INC. d/b/a ROAD AMERICA MOTOR CLUB, and of ROAD AMERICA MOTOR CLUB, INC. I have read the foregoing Complaint and Exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct.

Executed at _Miami_, Florida, on May 19th, 2014.

By: _____
**Dennis M. Fantis**